## AMOCO OIL COMPANY v. CITY OF MIAMI, etc.

### Case No. 84-114 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

October 30, 1984

### APPEARANCES OF COUNSEL

**Feuer, Lustig and Schillinger** for petitioner.

**Gisela Cardonne,** Assistant City Attorney, for respondent.

Before RIVKIND, SALMON, and KAYE, JJ.

### OPINION OF THE COURT

PER CURIAM.

This is a petition for writ of certiorari to the City of Miami Commission which denied petitioner's application for a conditional use permit.

An Amoco *full-service* station sought a permit to rebuild a modern, aesthetically more attractive, *self-service* station and convenience food

store. No permit is required under existing regulations for Amoco to convert to self-service pumps and operate a food store so long as it does not demolish the existing building. The Zoning Board gave unanimous approval. Neighborhood residents filed an Appeal to the City Commission solely to require Amoco to continue to operate a full-service station providing minor mechanical repairs. The Commission reversed the Zoning Board and denied the permit, apparently *speculating* that if Amoco could not build a new service station, it would continue the existing services desired by the objectors.

The first point raised by petitioner concerns the jurisdiction of the City Commission. We conclude from the record presented that petitioner has failed to sustain its burden that a "complete application" was not submitted for a conditional use permit prior to the effective date of Ordinance No. 9500. Ergo, we find that the application was submitted pursuant to Ordinance No. 6871 and jurisdiction did thereby vest in the City Commission.

We, therefore, address the merits and find there was a transparent abuse of discretion in the denial of the conditional use permit. See *City of Miami Beach v. Mr. Samuel's, Inc.*, 352 So.2d 719 (Fla. 1977). We recognize and affirm that elected officials should be afforded a wide latitude in matters of this nature and where the action taken is "fairly debatable" the judiciary should not interfere. In the particular circumstance, however, the action of the Commission was not "fairly debatable". The action of the Commission was arbitrary, unreasonable and had no substantial relation to the public health, safety, morals or general welfare.

Petitioner is clearly entitled to relief. The judgment of the City of Miami Commission is quashed with directions to issue a conditional use permit in accordance with the application.

Reversed and remanded.